AO 241 (Rev. 09/17)

5:23-cv-186 PGB PRL

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| United States District Court Jacksonville | District: Middle |

Name (under which you were convicted):
James Strawder

Docket or Case No.:
2015-CF-000527

Place of Confinement : Sumter Correctional
Institution 9544 CR 476-13 Bushnell FL

Prisoner No.: U49571

Petitioner (include the name under which you were convicted)

James Strawder

Respondent (authorized person having custody of petitioner)

v. Rickie Dixon, Dept of Corr. Sec. of The Florida state prisons.

The Attorney General of the State of: Florida, Ashley Moody

FILED
2023 MAR 20

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

Fifth Judicial Circuit Court of the Fifth Circuit In And For Marion County, Florida

(b) Criminal docket or case number (if you know): 2015-CF-000527

2. (a) Date of the judgment of conviction (if you know): October 23, 2016

(b) Date of sentencing: October 18th 2019

3. Length of sentence: 17 years Minimum Mandatory

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: The petitioner Was formally Charged by information with one Count of Sexual Battery by Familial Custodial Authority. The petitioner plead Nolo Contender during Sentencing phase of the trial.

6. (a) What was your plea? (Check one)

   ☐ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Petitioner Was found guilty by a Jury. Petitioner Was presented a plea bargain before Sentencing hearing for (20) years in State Prison. Due to the misleading advice of Stak prosecuter and trial Counsel. Jury found the defendant/petitioner not guilty on Count II.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9. If you did appeal, answer the following:

(a) Name of court: N/A

(b) Docket or case number (if you know): N/A

(c) Result: N/A

(d) Date of result (if you know): N/A

(e) Citation to the case (if you know): N/A

(f) Grounds raised: N/A

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Result: N/A

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): *N/A*

    (5) Citation to the case (if you know):

    (6) Grounds raised:

  (h) Did you file a petition for certiorari in the United States Supreme Court?    ❏ Yes  ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know): *N/A*

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ❏ No

11.  If your answer to Question 10 was "Yes," give the following information:

  (a)    (1) Name of court: *Fifth Judicial Circuit Marion County*

        (2) Docket or case number (if you know): *2015-CF-000527*

        (3) Date of filing (if you know): *Jenuary 30, 2018*

        (4) Nature of the proceeding: *Initial Motion for post-Conviction Relief*

        (5) Grounds raised: *Misadvised on receiving gain time upon Signing plea offer. The Motion asserted that the petitioner plea had been Involuntary entered because defendant was told by Counsel that he Would receive gain time on the 20 years Sentence from the department of Correction. Rule 3.850 dismissed Without prejudice to Comport With the rules to be under Oath.*

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☑ Yes  ❏ No

    (7) Result: *On October 18, 2019, the Court Convened an evidentary hearing on the 3.850 motion.*

AO 241 (Rev 09/17)

(8) Date of result (if you know): October 18, 2019 Hearing

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Fifth Judicial Circuit Marion County, Fl

(2) Docket or case number (if you know): 2015-CF-000527-A-2

(3) Date of filing (if you know): September 21, 2020

(4) Nature of the proceeding: Amended 3-850 Motion

(5) Grounds raised: The instant "Amended" Motion includes No grounds and instead seeks to add the oath that was unsigned in the original motion, a order dismissing the amended Rule 3-850 Motion.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☑ Yes    ☐ No

(7) Result: Denied August 18, 2021

(8) Date of result (if you know): August 18, 2021

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Fifth Judicial Circuit Court Marion County, Fl

(2) Docket or case number (if you know): 2015-CF-000527-A-2

(3) Date of filing (if you know): 8-10-2021

(4) Nature of the proceeding: Motion to Correct illegal Sentence Rule 3-800(A)

(5) Grounds raised: Errors on the Scoresheet. Petitioner filed a Motion to Correct Sentence. In Such Motion the petitioner argued that he was subjected to an illegal Sentence due to after arriving at the department of Corrections, a ScoreSheet was prepared but contain errors. The trial Court stated "Any Scoresheet errors would be considered harmless due to negotiated plea with the state.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Denied Motion by the trial Court._

(8) Date of result (if you know): _October 19, 2021_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☑ Yes    ☐ No

(3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:    _Petitioner asserts that his trial Counsel was ineffective and that his performace was deficient as to prejudice the petitioner From Getting A Fair review._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_The petitioner's plea had been involuntary entered because he was told by trial Counsel that he would be eligiable to receive gain time on tho (20) years State prison Sentence._

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _The claim is fully exhausted in the State Courts._

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

   _____

   _____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:    *Motion 3.850 Denial Of trial Counsel*

   Name and location of the court where the motion or petition was filed:    *Fifth Judicial Circuit Court*

   *Marion County, Florida*

   Docket or case number (if you know):    *2015-CF-000527-A-Z-*

   Date of the court's decision:    *August 18, 2021*

   Result (attach a copy of the court's opinion or order, if available):

   _____

   _____

   (3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

   (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:    *N/A*

   Docket or case number (if you know):    _____

   Date of the court's decision:    _____

   Result (attach a copy of the court's opinion or order, if available):    *N/A*

   _____

   _____

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

   *Petitioner filed a Motion to Correct illegal*
   *Sentence pursuant to Rule 3.800 (a).*

   _____

   _____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A_

**GROUND TWO:** _Petitioner's Scoresheet Contains Sentencing Errors Subject him to an illegal Sentence._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Petitioner filed a Motion to correct the errors on Sentencing guildlines Scoresheet, In Such the Claim in Motion petitioner argued he Was Subjected to incorrect Scoresheet an illegal Sentence. The State trial Court Stated any Scoresheet errors Would be Considered harmless due to the negotiated plea With the State._

(b) If you did not exhaust your state remedies on Ground Two, explain why: _The Claim Was fully exhaust in the State Courts._

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

_filed the Claim on Post-Conviction relief_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Rule 3-800(a) Motion_

Name and location of the court where the motion or petition was filed: _Fifth Judicial Circuit Court Marion County, Florida_

Docket or case number (if you know): _2015-CF-000527 A-Z-_

AO 241 (Rev. 09/17)

Date of the court's decision: (August 18, 2021, October 3, 2022) Denied

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): 2015-CF-000527-A-2-

Date of the court's decision: October 3, 2022

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : N/A

**GROUND THREE:** State Habeas Corpus Manifest Injustice Denial of Due process - Abused of Discretion by trial Court

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During petitioner's trial proceedings the trial Judge Participation in proceedings/Prosecution was error and denial of due process and a fair trial. In so doing, the Court abused its discretion results in a Manifest injustice to occur in petitioner's Criminal case.

( <u>Cont; from Page 3 of 16</u> : )

Name of Court: <u>FIFTH JUDICIAL CIRCUIT MARION Co.</u>

Docket Number: <u>2015-CF-527</u>,

DATE OF FILING: August 23, 2022;

GROUND RAISED: <u>STATE HABEAS CORPUS / MANIFEST
INJUSTICE TRIAL JUDGE PARTICIPATION IN PRO-
SECTION WAS ERROR AND DENIAL OF DUE PROCESS IN
DOING THE TRIAL COURTS DENIAL ABUSED ITS DISCRE-
TION RESULTS IN A MANIFEST INJUSTICE TO OCCUR
IN PETITION CASE</u>. (DCA CASE NO: <u>5D22-2496</u>.)

Habeas Court DENIED ON October 3, 2022 · REPLY
TO STATES REPLY FILED ON, JANUARY 4, 2023  DENIED
A TIMELY NOTICE OF APPEAL WAS TAKE ON AND RECEIV-
ED IN FIFTH DISTRICT COURT OF APPEAL 01/25/2022,
Court CASE <u>5D2021-2215</u>, PCA'd . <u>THE STATE HABEAS</u>
CORPUS CASE NO: 2015·CF· 527 . APPELLANTS / PETITIONER
INITIAL BRIEF <u>DCA 5D22-2496</u>: LT: 2016-CF-000527

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *N/A*

(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

   (2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: *State Habeas Corpus*

   Name and location of the court where the motion or petition was filed: *Fifth Judicial Circuit Court Marion County, Florida*

   Docket or case number (if you know): *2015-CF-000527-A-Z-*

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available): *N/A*

   (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

   (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: *Office of Attorney General 444 Seabreeze Blvd, Suite 500 Daytona Beach, Fl*

   Docket or case number (if you know): *(5D2021-2215)(5D22-2496)*

   Date of the court's decision: *October 3, 2022   March 8, 2023*

   Result (attach a copy of the court's opinion or order, if available): *N/A*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    N/A

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:    N/A

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                            ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *N/A*

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:    N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:    N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.    N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    N/A

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    _Jessica Roberts_

(b) At arraignment and plea:    _Jessica Roberts_

(c) At trial:    _Jessica Roberts_

(d) At sentencing:    _Brenda Smith_

(e) On appeal:    _N/A_

(f) In any post-conviction proceeding:    _Brenda Smith_

(g) On appeal from any ruling against you in a post-conviction proceeding:    _Pro Se_

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:    _N/A_

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_Petitioner Contends that the Statute of limitation is met in his Case._

AO 241 (Rev. 09/17)

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Correction Reduction and Modication of Sentence that resulted from a plea*

or any other relief to which petitioner may be entitled.

_____    _____
                                                      Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
                                          Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____