## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JAMES STRAWDER,**

        **Petitioner,**

**v.**                             **Case No: 5:23-cv-186-PGB-PRL**

**SECRETARY, DEPARTMENT OF
CORRECTIONS,**

        **Respondent.**

_____/

### ORDER

This cause is before the Court on Petitioner James Strawder's Petition for Writ of Habeas Corpus ("Petition," Doc. 1), filed pursuant to 28 U.S.C. § 2254. Respondent filed a Response to the Petition ("Response," Doc. 7) in compliance with this Court's instructions. Petitioner filed a Reply. ("Reply," Doc. 9).

Petitioner alleges three grounds for relief. However, the Court finds the Petition must be dismissed as untimely.

### I.    Procedural History

A second amended information filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida charged Petitioner with two counts of sexual battery upon a child older than 12 but less than 18 years of age by a person in familial or custodial authority. (Doc. 8-1 at 5). On October 27, 2015, a jury

convicted Petitioner of count one but found him not guilty as to count two. (*Id.* at 8). After the verdict was rendered, Petitioner entered a negotiated plea to a sentence of 20 years' imprisonment. (*Id.* at 11–14). Petitioner appealed, but he voluntarily dismissed his appeal on May 12, 2016. (*Id.* at 22). On May 18, 2016, Petitioner's appeal was dismissed. (*Id.* at 25).

On January 18, 2018, Petitioner filed a Rule 3.850 motion for postconviction relief, alleging an involuntary plea because he was told he would be eligible to receive gain time. (*Id.* at 27–33). Counsel was appointed to represent Petitioner, and an evidentiary hearing on the motion was held on October 18, 2019. (*Id.* at 66–90). At the hearing, Petitioner withdrew his motion in exchange for the State's agreement to modify his sentence to 17 years' imprisonment. (*Id.* at 87–88). The state court modified Petitioner's sentence as agreed by the parties. (*Id.* at 88, 93–98). Petitioner did not appeal.

On September 17, 2020, Petitioner filed a second Rule 3.850 motion for postconviction relief. (*Id.* at 100–05). The motion was dismissed with leave to amend. (*Id.* at 126–27). On December 2, 2020, Petitioner filed an amended Rule 3.850 motion for postconviction relief. (*Id.* at 129–32). The amended motion was again dismissed with leave to amend. (*Id.* at 136–37). On January 26, 2021, Petitioner filed a second amended Rule 3.850 motion for postconviction relief. (*Id.*

at 139–46). On July 1, 2021, the trial court summarily denied all relief. (*Id.* at 189–93). Petitioner did not appeal that decision.

On August 16, 2021, Petitioner filed a Rule 3.800(a) motion to correct illegal sentence. (*Id.* at 246–49). In an order dated October 19, 2021, the trial court summarily denied all relief. (*Id.* at 259–61). Petitioner appealed, and the state appellate court per curiam affirmed the denial on March 8, 2022. (*Id.* at 396). *See also Strawder v. State*, 335 So. 3d 119 (Fla. 5th DCA 2022). Mandate issued on April 1, 2022. (Doc. 8-1 at 398).

On July 13, 2022, Petitioner filed a petition for writ of habeas corpus in the state appellate court. (*Id.* at 400–542). On August 8, 2022, the petition was dismissed. (*Id.* at 544).

Petitioner filed the instant petition on March 16, 2023.[1] (Doc. 1). As the Court can resolve the Petition on the basis of the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## II.

---

[1] This is the filing date under the "mailbox rule." *See e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (citing Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 275–76 (1988)); *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

### III.    Analysis

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2254(d)(1)–(2).

Petitioner's sentence was modified and reduced to 17 years on October 18, 2019. (Doc. 8-1 at 93–98). Petitioner did not appeal the amended judgment, so the

conviction became final when the 30-day appeal period in Florida expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Fla. R. App. P. 9.140(b)(3) ("The defendant must file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires). Thus, the statute of limitations began running on November 19, 2019.[2] However, under Section 2244(d)(2), the limitations period tolls during the pendency of "a properly filed application for State post-conviction or other collateral review."

In this case, Petitioner filed a second Rule 3.850 motion on September 17, 2020, thus tolling the time calculation. (Doc. 8-1 at 100–05). At this point, 303 days had elapsed, and Petitioner had 62 days to file a federal habeas petition. The limitations period was tolled through the denial of the Rule 3.850 motion on July 1, 2021. (*Id.* at 189–93). Petitioner did not appeal, and affording him 30 days to have done so, the limitations period resumed on July 31, 2021.

---

[2] The 30-day appeal period expired on November 17, 2019. However, because that day was a Sunday, Petitioner had until the end of the day on Monday, November 18, 2019, to file his notice of appeal of the amended judgment. *See* Fla. R. App. P. 9.420(f).

Petitioner filed a Rule 3.800(a) motion on August 16, 2021 (*id.* at 246–49), at which point 319 days of the one-year statute of limitations had elapsed. The motion was denied on October 19, 2021. (*Id.* at 259–61). Petitioner timely appealed, and the appellate court per curiam affirmed the denial on March 8, 2022. (*Id.* at 396). The mandate issued on April 1, 2022 (*id.* at 398), resuming calculation of the limitations period. Thus, Petitioner's one-year limitations period expired on May 17, 2022.

Petitioner filed a petition for writ of habeas corpus in the state appellate court on July 13, 2022. (*Id.* at 400–542). The appellate court dismissed the petition on August 8, 2022. (*Id.* at 544). That petition, filed almost two months after the one-year statute of limitations, did not have effect of tolling or resetting the one-year calculation.

Because Petitioner did not file the present Petition until March 24, 2023, the Petition is untimely as calculated from the date on which the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(a).

In reply, Petitioner contends that due to the coronavirus pandemic, "the court allowed a tolling of 90 days, this would . . . put the petitioner within the one-year statute of limitations." (Doc. 9 at 1–2). Petitioner, however, does not cite to any record citation or authority to support this assertion. Other courts in the Middle District and the Eleventh Circuit and have rejected contentions by

prisoners that the COVID-19 pandemic was an extraordinary circumstance warranting equitable tolling. *See Ferreira v. Sec'y, DOC*, No. 2:20-cv-810-SPC-NPM, 2022 WL 4464793, at *4 (M.D. Fla. Sept. 26, 2022); *Jenkins v. Sec'y, Dep't of Corr.*, No. 8:20-cv-1014-KKM-MRM, 2023 WL 3073598, at *4 (M.D. Fla. Apr. 25, 2023); *see also Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) ("[Petitioner] also could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols."). Nor has Petitioner shown that he diligently pursued his rights. Therefore, the Petition remains untimely and is dismissed.

## IV.    Certificate of Appealability

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims and procedural rulings debatable or wrong. Further, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability and leave to appeal *in forma pauperis*.

## V.    Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1.    The Petition for Writ of Habeas Corpus (Doc. 1) is **UNTIMELY**, and this case is **DISMISSED WITH PREJUDICE**;

2.    Petitioner is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*; and

3.    The Clerk of Court shall enter judgment in favor of Respondent and **CLOSE** this case.

**DONE AND ORDERED** in Orlando, Florida on August 8, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record